J-S22028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AUDRA LEIGH BROWN | |
| Appellant | No. 1677 WDA 2014 |

Appeal from the Judgment of Sentence September 12, 2014
In the Court of Common Pleas of Mercer County
Criminal Division at No(s): CP-43-CR-0001008-2013

BEFORE: PANELLA, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED JUNE 19, 2015**

Audra Leigh Brown appeals from the judgment of sentence imposed by the Court of Common Pleas of Mercer County following her convictions for driving under the influence (DUI),[1] homicide by vehicle while DUI,[2] failure to drive within a single lane,[3] and careless driving.[4] After careful review, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(a)(1).

[2] 75 Pa.C.S. § 3735(a).

[3] 75 Pa.C.S. § 3309(1).

[4] 75 Pa.C.S. § 3714(a).

On June 20, 2012, at 11:03 p.m., Jeffrey Darling, a paramedic from Life Force Ambulance Group, was dispatched to an accident near Fredonia and Poole Roads in Mercer County. When he arrived at that location, he noticed a midsize car in the yard with severe damage. Representatives of the fire department who were already at the scene directed him to an individual lying on the ground, who Darling quickly realized was dead. Darling also noticed another victim, Brown, who was running around and crying. It took a number of minutes for Darling to calm Brown down so that she could answer his questions.

Trooper Thomas Ulintz of the Pennsylvania State Police arrived on the scene at 11:33 p.m. and noticed that Brown had bruises and scratches from her shoulder to her legs. In response to questions from the Trooper, Brown identified herself and the victim, and denied being the driver.

Trooper Ulintz then went to the site where the car was located, and saw that the driver's seat was positioned more forward than the passenger's seat. He noticed that, based on the deceased victim's height, he would not have needed the driver's seat pushed so far forward if he had been the driver. Concerned that a third person who may have been the driver had been ejected from the vehicle, the Trooper searched the area for an additional victim. When the Trooper told Brown of his concerns, she apologized and admitted that she was the driver.

Trooper Brian Shevitz, who was the officer in charge, was the next to arrive on the scene, where he saw an empty case of beer [bottles] strewn

about the vehicle and on the ground.  He also noticed that the passenger's seat belt was in place and the driver's seat belt was sprung.  Based on his experience in accident investigation, he concluded that the passenger was not wearing a seat belt at the time of the accident and, therefore, that the deceased was probably the passenger.  Trooper Shevitz spoke with Brown, and she again apologized and admitted she was the driver.

Trooper Shevitz requested that the paramedic at the scene draw blood samples from Brown.  Although the standard kit used by the State Police has two vials, the paramedic was only able to obtain one vial from Brown.  As a result, Trooper Shevitz requested that she undergo another blood test at the hospital.

The ambulance transporting Brown left the scene at 12:32 a.m. and arrived at the hospital at 12:57 a.m.  Trooper Ulintz was in a vehicle that followed the ambulance to the hospital.  Upon arrival, Trooper Ulintz requested that the staff perform a blood draw.  An additional two tubes of blood were drawn at 1:30 a.m.  Although the three vials of blood were sent for testing, the lab report indicates that only the blood from the second draw was analyzed.  The test results indicated that Brown had a blood alcohol content (BAC) of .178 percent.

On July 2, 2013, Brown was charged with several offenses arising out of the accident.  On March 13, 2014, Brown filed a motion *in limine* seeking to suppress the BAC test results and certain incriminating statements that

she made to the troopers at the accident scene. The court held a hearing on April 9, 2014, following which it denied the motion.

On April 15, 2014, a nonjury trial was held. The following day, the court issued an order granting Brown's demurrer to the charge of driving under the influence – highest rate of alcohol.[5] On July 17, 2014, the court found Brown guilty of the aforementioned offenses, and on September 12, 2014, the court imposed an aggregate sentence of three to six years' imprisonment plus fines and costs.

Brown filed a notice of appeal on October 10, 2014. On November 3, 2014, in response to an order from the trial court, Brown filed a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court filed its Rule 1925(a) opinion on December 12, 2014.

On appeal, Brown raises the following issue for our review:

> Whether the trial court erred in failing to suppress evidence of Brown's BAC test results where the blood was drawn more than two hours subsequent to her alleged operation of a motor vehicle, after determining that the Commonwealth had shown good cause as to why the blood sample was not obtained within two hours, when a blood sample was taken within two hours but not tested.

Appellant's Brief, at 4.

We apply the following standard of review to this matter:

> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the

---

[5] 75 Pa.C.S. § 3802(c).

suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where, as here, the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

***Commonwealth v. Hoppert***, 39 A.3d 358, 361–62 (Pa. Super. 2012)

(citation omitted).

Section 3802 of the Vehicle Code, which addresses driving under the influence of alcohol or controlled substances, provides in relevant part:

(a) General impairment.--

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

. . .

(c) Highest rate of alcohol.-- An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

. . .

(g) Exception to two-hour rule.--Notwithstanding the provisions of subsection (a), (b). (c), (e) or (f), where alcohol or controlled

substance concentration in an individual's blood or breath is an element of the offense, evidence of such alcohol or controlled substance concentration more than two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle is sufficient to establish that element of the offense under the following circumstances:

(1) where the Commonwealth shows good cause explaining why the chemical test sample could not be obtained within two hours; and

(2) where the Commonwealth establishes that the individual did not imbibe any alcohol or utilize a controlled substance between the time the individual was arrested and the time the sample was obtained.

75 Pa.C.S. § 3802.

Here, the accident occurred no later than 11:03 p.m. when the ambulance was dispatched to the scene. Brown argues that 11:03 p.m. "serves as the baseline for the latest time that anyone could have driven the automobile." Appellant's Brief, at 9. Therefore, in conformity with the two-hour rule set forth in section 3802, the police were required to obtain Brown's blood sample before 1:03 a.m. However, this did not occur until twenty-seven minutes later at 1:30 a.m. Nevertheless, at the conclusion of the suppression hearing, the court concluded that the Commonwealth had shown good cause for the delay, and that Brown did not imbibe any alcohol between the time of her arrest and the time her blood was drawn.

Central to our disposition of this matter is the fact that the trial court granted Brown's demurrer to the charge of DUI highest rate of alcohol, which was the only count that required the Commonwealth to establish her BAC within two hours of driving. *See* 75 Pa.C.S. § 3802(c). Instead, Brown

was convicted of driving after imbibing an amount of alcohol that rendered her incapable of driving safely. Accordingly, the demurrer moots the two-hour rule analysis. It is well settled that "the appellate courts of this Commonwealth will not decide moot questions." *Commonwealth v. Benn*, 680 A.2d 896, 898 (Pa. Super. 2002) (citations omitted).

At trial, paramedic Jeffrey Darling testified as follows about his initial contact with Brown at the accident scene:

> Q:    Did you notice any unusual odors about her?
>
> A:    Indeed. She did – I did ask her at one point, or I stated I smelled some alcohol, had she been drinking today. And she told me she had been drinking and that she was in trouble with the police.
>
> Q:    Did she specify as to why she was in trouble with the police?
>
> A:    She didn't. She just continually said that she had been drinking, she is in trouble with the police.

N.T. Trial, 4/15/14, at 36.

Trooper Shevitz testified that Brown told him she had consumed alcohol the night of the accident.

> A:    She had something at the restaurant where they ate earlier and then something else and then, like I said, I have it written down, I think they were White Russians. She referred to – yeah, I wasn't drinking [the beer that was in the car]. I had two glasses of wine at the restaurant, which I believe was the Springfield Grille, one draft beer, a White Russian drink, and one White Russian drink at the OK Corral.

*Id.* at 109-10.

Trooper Shevitz subsequently testified:

A:   I could smell the odor of an alcoholic beverage being emitted from her breath and person as I spoke with her, her eyes were bloodshot, her speech was slurred, and you know, from investigating crashes and DUI arrests over my career, I was under the impression that she was possibly intoxicated.

Q:   And did the additional fact that she had told you that she had alcohol did that –

A:   Yes, and the amount she told me she had drank [sic] I, you know, to me was sufficient to believe that she was intoxicated, plus the beer in the car.

***Id.*** at 113.

Our Supreme Court has noted that:

The types of evidence that the Commonwealth may proffer in a subsection 3802(a)(1) prosecution include but are not limited to the following:   the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech.

***Commonwealth v. Segida***, 985 A.2d 871, 879 (Pa. 2009).

The evidence presented at trial was sufficient to establish beyond a reasonable doubt that Brown was guilty of DUI without consideration of BAC test results.[6]   Because the trial court granted Brown's demurrer to the

---

[6] Although not listed as a separate question presented, Brown argues in her brief that the Commonwealth presented insufficient evidence to support her conviction for DUI.  Appellant's Brief, at 16-17.

subsection 3802(c) count, her challenge to the decision to admit BAC evidence is moot.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/19/2015